## SOLOMON PARKS *vs.* CITY OF NEWBURYPORT.

The passage of water from rain and melting snow over the surface of land for twenty years gives no right to its continuance.

ACTION OF TORT. The declaration alleged that there ever had been a passage for water over the land of the defendants, which the plaintiff had a right to have open, and that the defendants within one year of the date of the writ had obstructed said passage way so as to turn the water upon the plaintiff's land, by reason whereof the plaintiff's well was destroyed.

At the trial in the court of common pleas, it appeared that the plaintiff's land and the defendants' land adjoined each other and were situated on the southwest side of Purchase Street in Newburyport; that the defendants' land was not fenced towards the street, and had been for an indefinite number of years used as a school yard, in which were two schoolhouses; that the two lots were on about the same level, and for most of the year were dry and free from water; that the land surrounding them was generally level, but ascending gradually to the southwest; and that in periods of heavy rain, and in the spring of the year, when the snow and ice were broken up, the water from the higher lands in the rear passed off toward the Merrimac River over the defendants' land. The defendants two years ago built an engine-house on their lot, and made an embankment around it.

The plaintiff contended, that by reason of filling in the dirt around the engine-house the water which collected in the spring was not allowed to flow off into the street, but was turned upon the plaintiff's land, and did the injury complained of. The defendants contended that the plaintiff had proved no cause of action. But *Morris*, J. instructed the jury, " that if, for a period of twenty years prior to the act complained of, the water accumulating on the land in the rear of the lots in question had been accustomed to find its outlet over the land of the defendants, and the same had been obstructed by the acts of the defendants

in such a way as to turn it from their own land across the plaintiff's, and occasion a substantial injury to the property of the plaintiff without any fault or want of care on his part, then the defendants would be liable." The jury found a verdict for the plaintiff, and the defendants alleged exceptions.

*E. F. Stone*, for the defendants.

*O. P. Lord*, for the plaintiff.

By THE COURT. The declaration is for obstructing a watercourse, and the instruction allowed the jury to find for the plaintiff, though there was no watercourse. No action will lie for the interruption of mere surface drainage. *Luther* v. *Winnisimmet Co.* 9 Cush. 171. *Ashley* v. *Wolcott*, 11 Cush. 192.

*Exceptions sustained.*